**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 26-73-DLB**

**CLARENCE CARPENTER** **PETITIONER**

**VS.** **MEMORANDUM ORDER**

**WARDEN BURNSIDE** **RESPONDENT**

*** *** *** ***

Federal inmate Clarence Carpenter filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") incorrectly determined that he is ineligible to earn First Step Act ("FSA") time credits. (*See* Doc. # 1). The United States Attorney's Office for the Eastern District of Kentucky entered an appearance on behalf of the Respondent and filed a response in opposition to Carpenter's petition. (*See* Doc. # 9). This matter is now ripe for a decision. The Court has reviewed the parties' submissions and will deny Carpenter's request for relief.

As an initial matter, the United States Attorney's Office established in its response brief that Carpenter previously pled guilty to multiple federal crimes, including but not limited to possession with the intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (*See* Doc. # 9 at 2-4 (citing *United States v. Carpenter*, No. 3:20-cr-097, at Docs. # 79, 100, 103 (W.D. Ky. 2023))). Petitioner was ultimately sentenced

by Judge Charles Simpson to 210 months in prison. *See Carpenter*, No. 3:20-cr-097, at Doc. # 112. He did not file a direct appeal. However, he did file a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 which remains pending.

The Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession with the intent to distribute a mixture or substance containing a detectable amount of fentanyl as one such disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvi). Given Carpenter's conviction for this very offense, he is plainly ineligible to earn FSA time credits. And while Carpenter insists that he "does not and cannot have a disqualifying offense" (Doc. # 1-1 at 5), his arguments are difficult to follow, and he certainly has not cited any case law or other legal authority that would allow him to overcome the statutory bar on his ability to earn time credits under the FSA.

Accordingly, it is **ORDERED** as follows:

(1) Carpenter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 9th day of September, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**